## CIRCUIT COURT OF FAIRFAX COUNTY

First Virginia Bank

v.

Ali S. Habib

June 26, 1996

Case Nos. L-151168 and L-151197

By Judge F. Bruce Bach

This matter comes before the Court on the motion of Defendant Ali S. Habib requesting the Court to quash the garnishment summons issued in the above-referenced cases. Habib argues that the garnishment summons is void because at the time the summons was issued, no writ of fieri facias had been made and therefore no lien existed. Plaintiff First Virginia Bank, Custodian FBO Monica L. Sims Self Directed IRA, argues that the writ of fieri facias was properly issued and the garnishment was proper. For the reasons stated below, I find that the garnishment proceedings in these cases were proper, and I deny Habib's motion to quash.

### Background

First Virginia, the judgment creditor, obtained a judgment against Habib on March 8, 1996. The suggestion for summons in garnishment was filed in the Fairfax Circuit Court Clerk's Office on April 1, 1996. This suggestion contained the judgment debtor's social security number and was directed to all accounts held by the garnishee, First Union Bank. The garnishment summons and the writ of fieri facias were delivered to the sheriff on April 3, 1996, in L-151168 and on April 4, 1996, in L-151197. First Union was served with a copy of the summons and exemption form on April 4, 1996 (L-151168) and on April 5, 1996 (L-151197). Habib was served by posting on April 5, 1996 (L-151168) and on April 8, 1996 (L-151197). A copy of the summons and the exemption claim form were mailed to Habib on April 5, 1996 (L-151168) and on April 8, 1996 (L-

151197). Both Shawkat H. Al-Shabib and Moazaz Y. Shamos Aldin were served with the notice, summons, suggestion, and exemption forms by posting on April 22, 1996. Habib filed a motion to quash garnishment summons on April 25, 1996. First Union paid $27,237.65 into the Clerk's office on April 26, 1996, as directed by the garnishment. First Virginia filed an amended suggestion for summons on May 6, 1996, which corrected the suggestion for liability.

Habib claims that the garnishment summons is void and should be quashed because at the time the suggestion was filed, no writ of fieri facias had been made. Therefore, no lien existed. Habib further argues that the summons is void because First Virginia made a false statement in obtaining the summons. Habib states that there is no Virginia law that allows a judgment creditor to garnish without having previously obtained a lien under a writ of fieri facias.

First Virginia argues that the writ of fieri facias was properly issued twenty-four days after entry of the judgment and was in compliance with Virginia Code § 8.01-466, *et seq.* First Virginia asserts that the writ was issued by the Clerk and delivered to the sheriff on the same date as the issuance and delivery of the garnishment summons and this procedure is in compliance with § 8.01-511. First Virginia argues that § 8.01-511 does not require that the writ of fieri facias be issued and delivered to the sheriff prior to the filing of the suggestion with the Court. First Virginia asserts that Virginia case law recognizes that the writ of fieri facias and the summons can be delivered to the sheriff on the same day. According to First Virginia, the relevant inquiry under § 8.01-511 is whether the lien was in place when the summons was issued and delivered and not whether the lien was in place when the suggestion was filed. First Virginia maintains that it is permissible for both the writ and the summons to be issued and delivered on the same day. Finally, First Virginia admits that on its initial suggestion it alleged the wrong basis of liability but then filed an amended suggestion with the Court alleging the proper basis of liability.

### Garnishment Proceedings

The Virginia Code sets forth the procedure for garnishments. On a judgment for money, it is the duty of the clerk of the court in which such judgment was rendered, upon request of the judgment creditor, to issue a writ of fieri facias at the expiration of twenty-one days from the date of the entry of the judgment and place the same in the hands of the proper officer

of such court to be executed. See Virginia Code § 8.01-466. The Virginia Code further provides:

> On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor . . . to which a judgment debtor is or may be entitled as creditor . . . upon which sum when determined by such writ of fieri facias is a lien, a summons . . . may be sued out . . . . The summons and the notice and claim for exemption form . . . shall be served on the garnishee and shall be served on the judgment debtor promptly after service on the garnishee.

Virginia Code § 8.01-511. The garnishment procedure may be summarized as follows:

> The garnishment proceedings are begun by the judgment creditor's filing in court a verified petition called a suggestion. The suggestion should allege the judgment upon which the garnishment is based, and it must set forth that there is some liability to or debt owing to the judgment debtor from a third party. The clerk then issues a summons to such third party . . . warning him not to pay the money due to the judgment debtor and requiring him to appear in court on a certain day. The suggestion, notice of exemptions, and summons are served on both the garnishee and the judgment debtor. The garnishee is thus made a co-defendant for the purposes of execution of the judgment against the original defendant.

W. Hamilton Bryson, *Handbook on Virginia Civil Procedure*, 536 (2d ed. 1989). The writ of fieri facias is a lien from the time it is delivered to the sheriff to be executed. Virginia Code § 8.01-501.

### Conclusion

Habib argues that "[t]he requirements of Va. Code § 8.01-511 clearly indicate that a writ of fi. fa. must have been previously delivered to the sheriff before a garnishment suit can be instituted. Only once that writ has been delivered does a lien begin to exist . . . Only once those actions have been completed may a Plaintiff then begin to proceed to make a lawful 'suggestion' to be able to secure the issuance of a garnishment summons." Habib's argument that the lien exists only as of the date of the delivery of the writ to the sheriff for service is correct. See § 8.01-501. However,

Habib is mistaken in his argument that the suggestion must follow the issuance and delivery of the writ. Virginia Code § 8.01-511 does not require that the writ be issued and delivered to the sheriff prior to the filing with the Court of the suggestion. The clerk may deliver to the sheriff civil process for garnishments that includes process related to the suggestion for summons, as well as the writ of fieri facias. See, e.g., *International Fidelity Ins. Co. v. Ashland Lumber Co. Inc.*, 250 Va. 507 (1995) (possessory interest required for lien). Both the writ of fieri facias and the garnishment summons can be delivered to the sheriff at the same time. See *In re Lamm*, 47 B.R. 364, 368 (E.D. Va. 1984). I find that the suggestion, writ, and summons were issued properly in this case. I find that the mistaken allegations of liability were amended and the suggestion is valid.